IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cr-10063-STA |
| | ) |
| JA'QUON ROBERSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER OF DETENTION**

Before the Court is Defendant Ja'Quon Latrell Roberson's Motion for Bail Hearing and Review of Detention Order (ECF No. 159) filed on August 19, 2021. The United States of America has responded in opposition. For the reasons set forth below, the United States Magistrate Judge's order of detention is **AFFIRMED**.

**BACKGROUND**

A federal grand jury sitting in the Western District of Tennessee charged Roberson in a superseding indictment (ECF No. 23, No. 1:21-cr-10063) on July 12, 2021. By way of additional procedural history, on June 4, 2021, the United States filed a Criminal Complaint against Roberson, alleging that he had possessed a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), in the matter of *United States v. Ja'Quon Roberson*, case no. 1:21-cr-10052. The same day, the Magistrate Judge issued a warrant for Roberson's arrest. Then, on June 14, 2021, a federal grand jury returned a four-count indictment against Roberson in case no. 1:21-cr-10052, charging him with two counts of being an unlawful user of a

1

controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3); one count of distributing and possessing with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[1] The indictment in case no. 1:21-cr-10052 also sought the forfeiture of any proceeds derived from Defendant's alleged drug dealing activities.

Following a full detention hearing in case no. 1:21-cr-10052 on July 7, 2021, the Magistrate Judge found probable cause for the charges and ordered Roberson's detention pending trial. On August 11, 2021, the Court entered an order in case no. 1:21-cr-10052, affirming the Magistrate Judge's detention order. Later the same day, the United States of America moved to dismiss the charges in case no. 1:21-cr-10052, in light of the fact that the grand jury had indicted Roberson for the same conduct in the July 12, 2021 superseding indictment in case no. 1:21-cr-10063. The Court granted the motion to dismiss case no. 1:21-cr-10052 on August 12, 2021.

The Magistrate Judge held a detention hearing and arraignment on the charges against Roberson in case no. 1:21-cr-10063 on August 10, 2021. *See* Minute Entry Aug. 10, 2021 (ECF No. 121, No. 1:21-cr-10063). At the hearing the government reviewed the procedural history of the charges against Roberson, the July 2021 detention hearing in case no. 1:21-cr-10052, and the expected dismissal of that case. The government stated that it relied on the same proof introduced at the previous detention hearing in support of its request that the Magistrate Judge detain Roberson pending trial on the charges against him in case no. 1:21-cr-10063. The government entered into

---

[1] The grand jury made substantially similar charges against Roberson in the superseding indictment in case at bar. In addition to firearms and drug offenses mirroring those alleged in this case, the superseding indictment in no. 1:21-cr-10063 also charged Roberson and ten other individuals with conspiring to distribute marijuana, a violation of 21 U.S.C. § 846.

2

evidence the transcript of the July 2021 detention hearing. The only new development since the July 2021 detention hearing was the return of an indictment by a grand jury sitting in Dyer County, Tennessee, charging Roberson with retaliation for past conduct in violation of Tennessee law.

Defendant agreed that there was no new evidence to introduce going to the merits of his request for a bond. Roberson did argue that the nature of the social media posts in which he allegedly threatened an officer of the Dyersburg Police Department were greatly exaggerated. At the conclusion of the August 10, 2021 detention hearing, the Magistrate Judge again found probable cause for the charges against Roberson and ordered that Roberson be detained on the new charges in case no. 1:21-cr-10063 for the same reasons he had ordered Roberson to be detained in case no. 1:21-cr-10052.

Roberson now renews his request for review of the Magistrate Judge's detention order. In his written brief, Roberson emphasizes that he does not pose a danger to the community. Roberson has minimal criminal history and is only 22 years old. Roberson has also submitted proof that he previously attended college and has applied to another university as recently as December 2020. The government argues in response that the Court should affirm the Magistrate Judge's detention order for the same reasons it already upheld that determination in case no. 1:21-cr-10052.

## STANDARD OF REVIEW

Under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer shall order the detention of a defendant pending trial if, after a hearing, the officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The United States

3

Supreme Court has explained that the Bail Reform Act "operates only on individuals who have been arrested for a specific category of extremely serious offenses," *United States v. Salerno*, 481 U.S. 739, 750 (1987), defined in 18 U.S.C. § 3142(f) to include a drug "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq*.)" or "any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm . . . ." 18 U.S.C. § 3142(f)(1)(C) & (E). "Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest." *Salerno*, 481 U.S. at 751 (citing S.Rep. No. 98–225, at 6–7).

## **ANALYSIS**

Based on its *de novo* review of the Magistrate Judge's order, the testimony and evidence at the detention hearing, and the entire record of the proceedings in both case no. 1:21-cr-10052 and case no. 1:21-cr-10063, the Court continues to find that Roberson's detention is warranted. The superseding indictment in this case charges Roberson and ten co-Defendants with one count of conspiring to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count 1); one count of distributing marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 7); one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 8); and two counts of being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) (Counts 9 and 10).

The drug charges and the offense under section 924(c) against Roberson in the superseding indictment carry a presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3)(A) & (B) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) [or] an offense under section 924(c) . . . ."); *see also* § 3142(g)(1) (directing judicial officers to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device").

Just as it did in its review of the Magistrate Judge's detention order in case no. 1:21-cr-10052, the Court finds probable cause to believe Roberson committed the drug trafficking and section 924(c) offenses alleged against him in case no. 1:21-cr-10063.  "[C]ourts making bail determinations are stuck . . . with the grand jury's finding" of probable cause. *Kaley v. United States*, 571 U.S. 320, 329 n.6 (2014) (restating that "an indictment returned by a proper grand jury 'conclusively determines the existence of probable cause'").  The grand jury has returned an indictment against Roberson charging him with distributing marijuana and conspiring with others to distribute marijuana in violation of the Controlled Substances Act and possessing a firearm in furtherance of his drug crimes.  The alleged violations of the Controlled Substances Act and the section 924(c) charge triggers § 3142's presumption that no condition or combination of conditions will reasonably assure Roberson's appearance and the safety of the community.

Faced with the presumption in favor of detention, the burden of production now shifts to Roberson.  "A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.

5

2001)). Roberson's burden is not heavy and is only a burden of production; the government retains at all times the burden of persuasion. *Id*. And yet the presumption itself never actually disappears because the Bail Reform Act "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id*. (citations omitted). In the final analysis, a defendant must "present all the special features of his case" that take it outside "the congressional paradigm." *Id*. at 946.

The Court continues to hold that Roberson has not produced evidence to make such a showing and overcome the presumption in favor of detention. At the July 2021, Roberson's mother Tracy Roberson testified on her son's behalf. Her testimony addressed her son's ties to the area and his enrollment at Austin Peay State University to play football several years ago. According to Ms. Roberson, her son was recently taking classes with an intent to enroll in the University of Tennessee at Martin. Ms. Roberson acknowledged on cross-examination that her son was not employed to her knowledge and relies on her for financial help. In support of his renewed Motion to Review the detention order, Roberson has introduced exhibits, purporting to show his pending admission to UT Martin. Just as before, however, the Court finds that Roberson's family background and his attempts to pursue his education are not the kind of special features that would take his case outside the Bail Reform Act's paradigm. *Stone*, 608 F.3d at 946.

The Court continues to find the proof presented at the July 2021 detention hearing compelling. The Magistrate Judge received testimony from Officer Vincent McDowell, the Dyersburg Police officer who executed a search warrant at Roberson's home in September 2020. Officer McDowell recovered two firearms and a small quantity of marijuana. Roberson was mirandized and told police he used the guns for personal protection. Officers observed what

appeared to be bullet holes in the walls of the residence. And while it is true that the police recovered only a small amount of narcotics in September 2020, officers obtained the search warrant, in part, by conducting a controlled buy from Roberson prior to the search of his residence. There was also testimony that Roberson had boasted on social media about tossing a backpack filled with marijuana outside his home before police could execute the search.

The seriousness of Roberson's more recent criminal conduct in the months since September 2020 also underscores the potential danger he poses to the community. The Magistrate Judge heard evidence that Roberson was arrested in May 2021 after law enforcement executed a second search of his home, this time finding a rifle with a high-capacity magazine and a chambered round, a pistol (also with a chambered round), and over 20 pounds of marijuana. The government also introduced evidence that following the second search, Roberson posted videos and messages on social media in which he threatened the officers who had executed the search warrants and their families. Roberson was arrested in June 2021 for retaliation against an officer based on evidence Roberson had offered a reward for the officer's murder on social media. A Dyer County grand jury has now charged Roberson with a Class E felony. Counsel's arguments about the potential penalty for the offense and any ambiguity about what Roberson actually said in the social media posts notwithstanding, the Court remains concerned about the nature of the conduct and the fact that Roberson's posts could be construed as a threat against a police officer.

## CONCLUSION

Under the totality of the circumstances including the continuing presumption in favor of detention, the Court finds no error in the Magistrate Judge's ongoing determination that Roberson poses a danger to the community. The Court **AFFIRMS** the decision of the Magistrate Judge and

7

orders that Roberson be detained pending the outcome of the charges against him.

Consistent with 18 U.S.C. § 3142(i), the Court directs that Roberson be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court further directs that Roberson be afforded reasonable opportunity for private consultation with counsel and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Roberson is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.  *See* 18 U.S.C. § 3142(i).

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

Date:    September 20, 2021.